(No. 75-CV-159—)

IN RE APPLICATION OF IRENE MILLER.

*Opinion filed April 7, 1976.*

IRENE MILLER, Pro Se.

WILLIAM J. SCOTT, Attorney General of Illinois; LEONARD CAHNMANN, Assistant Attorney General.

PER CURIAM.

This claim arises out of an alleged criminal offense that occurred on July 8, 1974, at 8152 S. Kingston, Chicago. Irene H. Miller, Claimant, seeks compensation under the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 70, 71, et seq.) (hereafter referred to as the "Act").

On May 6, 1975, an order was entered by the Court dismissing the claim, and upon motion of the Claimant for a hearing under Section 9 of the Act, a hearing was granted.

The Claimant testified that she had lived with and shared her household with Leon Stewart, the assailant, until the end of May, 1974.

On July 7, 1974, Leon Stewart came to her home, severely beat the Claimant, threatened to move back in with her and threatened her with great bodily harm if she called the police. The Claimant's daughter called the police but the Claimant ordered her daughter to cancel the police call and the daughter complied.

The next day, July 9, 1974, the Claimant was obliged to be home from her place of employment because of the severity of the beating of the previous day. On July 9, 1974, the assailant, Leon Stewart, again came to the Claimant's apartment. The assailant severely beat her, pushing her harshly against a wall and punching her in her face and body. In self defense she picked up a letter opener and stabbed him in his neck. Claimant then ran to a neighbor's apartment, still holding the letter opener, and called the police.

After the police arrived she told them what had occurred and surrendered the letter opener to them.

She was taken to the police station. At the station the police interrogated her in an accusatory fashion and she became terrified that she would be accused of a crime instead of Leon Stewart. Finally the police told her that Leon Stewart would not sign a complaint against her. She was so relieved that she would not be charged with the crime and that she would not go to jail that she did not think of signing a complaint against Leon Stewart. The police, however, did inform her of her right to institute a criminal complaint against Leon Stewart. Thus, neither party filed a complaint against the other.

On July 26, 1974, Leon Stewart, having recovered from his injury, again invaded her home and sexually assaulted her daughter, Tammy Harper. The assailant was indicted for indecent liberties with a child and a trial on that charge was pending at the time of the hearing on the instant case in the Court of Claims. No criminal complaint has ever been made against the assailant for the beatings of July 8th and July 9th for which this claim is brought.

As a result of the beatings of July 7th and July 8th, the Claimant who was pregnant by her assailant lost the baby and was obliged to have her uterus removed.

The Act provides in Section 3(d) that a person is entitled to compensation under this Act if:

The applicant has cooperated fully with law enforcement officials in the apprehension and *prosecution* of the assailant. (underlining ours)

In the case before us it is obvious that the Claimant did not comply with Section 3(d) of the Act. By her failure to sign a criminal complaint against her assailant, she not only failed to cooperate but in fact totally blocked a prosecution.

Claimant seeks to be excused from compliance with this provision because of her own fears of being prosecuted. The Act, which this Court is obliged to follow, provides no exception for fears of the victim. Indeed, it was one of the purposes of the Act to encourage full cooperation with the authorities in the apprehension and prosecution of criminals despite possible fears in the minds of victims.

If the Claimant had set aside her own doubts and fears and signed a complaint against Leon Stewart, perhaps Leon Stewart's latter assault might have been prevented. This is the kind of preventative action the Act attempts to encourage.

This Court is cognizant of the apprehensions and fears of ordinary citizens when dealing with police in criminal matters and this Court understands how the Claimant might have thought that it would be better not to be involved further when she was told there would be no charge against her. However, Claimant's failure to further involve herself is directly contrary to not only the letter but the spirit and intent of the Act.

Therefore, this Court finds that no compensation is authorized and this claim is dismissed.